UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| DALE TEGARD, | ) No. CV 06-2018 (SH) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) AND ORDER |
| v. | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

**I. BACKGROUND**

Plaintiff filed an application for disability benefits, which was denied initially and on reconsideration. Plaintiff subsequently requested and received a hearing before an Administrative Law Judge ("ALJ"). The ALJ denied plaintiff's application on December 15, 2004. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied plaintiff's request for review.

Plaintiff then sought review of the decision of the Commissioner of Social Security in this Court. The parties consented to proceed before the undersigned

1  Magistrate Judge, and filed a Joint Stipulation containing the arguments of both
2  parties. On January 19, 2007, the Court issued a Memorandum Decision and
3  Judgment reversing the Commissioner's decision and remanding the case under
4  Sentence Four of 42 U.S.C. § 405(g).
5       On January 26, 2007, defendant filed a Motion to Alter or Amend Judgment.
6  After briefing by both parties, the Court issued an Amended Memorandum
7  Decision and Judgment on March 2, 2007, withdrawing its prior Decision but
8  again concluding that the decision of the Commissioner should be reversed and the
9  matter remanded pursuant to Sentence Four of 42 U.S.C § 405(g).
10      On May 1, 2007, plaintiff filed a Motion for Attorney's Fees Pursuant to the
11 Equal Access To Justice Act ("EAJA") (hereinafter "Motion"), 28 U.S.C. § 2412,
12 in the amount of $6,018.78. On May 24, 2007, defendant filed an Opposition to
13 the Motion ("Opposition"), arguing that plaintiff is not entitled to the EAJA fees
14 and that, in the alternative, the EAJA fees should be reduced to $5,112.42.
15 Plaintiff filed a Reply to the Opposition ("Reply") on May 30, 2007, requesting
16 that the EAJA fees be increased to $7,163.77 to account for the additional time
17 spent on preparing his response to defendant's Opposition.
18
19                         **II. DISCUSSION**
20      Under the EAJA, the prevailing party is entitled to attorney fees where the
21 position of the government was not substantially justified, and no special
22 circumstances make an award of attorney fees unjust. 28 U.S.C. § 2412(d)(1)(A).
23      **A.    Prevailing Party**
24      Plaintiff raised the following arguments in the Joint Stipulation: (1) whether
25 the ALJ properly evaluated plaintiff's exertional limitations; (2) whether the ALJ
26 properly evaluated the medical evidence in rendering the residual functional
27 capacity ("RFC") finding; (3) whether the ALJ properly evaluated the testimony of
28 plaintiff and plaintiff's daughter; and (4) whether the ALJ presented a complete

1 hypothetical to the vocational expert.

2     In the March 2007 Amended Decision, the Court found that the ALJ erred in
3 concluding that plaintiff had no exertional limitations because the ALJ's
4 conclusion was contrary to the opinion of Dr. May, whose opinion the ALJ
5 afforded "great weight." The Court nevertheless found the error harmless because
6 the vocational expert identified occupations in the national economy that did not
7 exceed the exertional limitations diagnosed by Dr. May. However, as a result of
8 the ALJ's failure to properly evaluate Dr. May's opinion, the Court also found that
9 the ALJ improperly determined plaintiff's RFC. The ALJ was directed to
10 reevaluate plaintiff's RFC while considering all of the evidence in the record
11 including, but not limited to, the reports of Drs. May, Geick, Fattal, and Nerheim.
12 In addition, the Court found that the ALJ improperly discounted the testimony of
13 plaintiff and plaintiff's daughter. As a result of the ALJ's errors, the Court
14 concluded that the ALJ improperly presented an incomplete hypothetical to the
15 vocational expert.

16     Accordingly, plaintiff is a "prevailing party" within the meaning of the
17 EAJA. See Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 125
18 L.Ed.2d 239 (1993) (holding that a plaintiff who obtains a Sentence Four remand is
19 considered a prevailing party for purposes of attorneys' fees claims brought
20 pursuant to the EAJA); Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002)
21 (same).

22

23     **B.**    **Substantial Justification**

24     In Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d
25 490 (1988), the term "substantially justified" was defined as "'justified in
26 substance or in the main' – that is, justified to a degree that could satisfy a
27 reasonable person. That is no different from the 'reasonable basis both in law and
28 fact' formulation adopted by the Ninth Circuit and the vast majority of other

1  Courts of Appeals that have addressed this issue." In viewing the conduct of the
2  Government, "the remedial purpose of the EAJA is best served by considering the
3  totality of the circumstances prelitigation and during trial." United States v.
4  Gavilan Joint Community College Dist., 849 F.2d 1246, 1248 (9th Cir. 1988)
5  (citations and quotations omitted). In evaluating the reasonableness of the
6  Government's position, the Court must "focus on the remand issue rather than the
7  ultimate disability determination." Lewis v. Barnhart, 281 F.3d 1081, 1086 (9th
8  Cir. 2002).

9      Defendant argues that he was "substantially justified" in his defense of the
10  underlying case. (Opposition at 3-7). He contends that plaintiff did not explain
11  what specific findings of Drs. May, Geick, Fattal, and Nerheim were ignored and,
12  therefore, the Commissioner reasonably argued that the ALJ was under no duty to
13  discuss all of the evidence contained in the record. (Opposition at 3). Defendant
14  also maintains that the ALJ cited many legitimate reasons for discounting
15  plaintiff's credibility. (Opposition at 3-6). Additionally, defendant argues that the
16  Commissioner reasonably argued that plaintiff's daughter's statements did not
17  amount to competent evidence and, thus, they did not have to be addressed by the
18  ALJ. (Opposition at 6). Lastly, defendant contends that, "because the
19  Commissioner relied on the ALJ's assessment of [p]laintiff's RFC and the fact that
20  the hypothetical question to the vocational expert took into consideration
21  [p]laintiff's exertional limitations, the Commissioner reasonably argued that the
22  vocational expert's testimony provided substantial support for the ALJ's finding
23  [of nondisability]." (Opposition at 6-7).

24      The Court finds that defendant was not substantially justified in defending
25  against plaintiff's arguments. First, SSR 96-8p establishes that an RFC assessment
26  must be based on all of the relevant evidence in the record. The reports from Dr.
27  Fattal and Dr. Nerheim documented symptoms of headaches, dizzy spells, and
28  ringing in the ears. It was reasonable to assume that these symptoms would have

4

impacted plaintiff's concentration and attention. Yet, the ALJ failed to discuss the reports from these physicians.

In addition, the Court has found that the ALJ did not provide sufficient reasons for discounting plaintiff's subjective testimony. Defendant's attempt to re-litigate the merits of this claim fails to show that he was substantially justified in defending against plaintiff's argument. Critically, the ALJ failed to even acknowledge the written statements of plaintiff's daughter. As noted in the Amended Decision, SSR 88-13 requires the ALJ to "obtain detailed descriptions of daily activities by directing specific inquiries about the pain and its effects to . . . other third parties who would be likely to have such knowledge" when pain is at issue in the case. The ALJ is also required to give "full consideration" to this type of evidence. SSR 88-13. Plaintiff's daughter lived with plaintiff and observed his daily activities. She would have been able to provide probative and relevant evidence as to the effects of plaintiff's impairments.

Because of the aforementioned errors, the hypothetical questions presented to the vocational expert were incomplete. As defendant was not substantially justified in defending against plaintiff's arguments concerning these errors, defendant similarly fails to show that he is substantially justified in opposing plaintiff's argument that the hypothetical questions were incomplete.

### C.   Reasonable Attorney Fees

28 U.S.C.A. § 2412(d)(2)(A) limits attorney fees to "reasonable fees." The Court must determine what fees are "reasonable attorney fees" for the work performed in this case. 28 U.S.C. § 2412(d)(2)(A). Plaintiff has the burden of proving by clear and convincing evidence, including proper documentation, that the hours claimed were reasonably expended and not "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); see Sorenson v. Mink, 239 F.3d 1140, 1145 n.2 (9th Cir.

2001) (noting applicability of Hensley to award of fees under the EAJA).

        1.       Hourly Rate

28 U.S.C. § 2412(d)(2)(A)(ii) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

In his Motion and Reply, plaintiff requests that the attorney fees be based upon an hourly rate of $161.85 per hour for services rendered in 2006, $164.86 per hour for services rendered from January 2007 through May 1, 2007, and $165.94 per hour for services rendered from May 25, 2007 through May 30, 2007.[1] (Motion at 6-7, Reply at 9-10). Defendant does not contest this billing rate.[2] Considering both a cost of living increase and defendant's lack of opposition to plaintiff's hourly rates, the Court accepts plaintiff's claimed hourly rates as "reasonable."

        2.       Reasonableness of the Hours

Plaintiff requests an award of fees for 32.4 hours of services at $161.85 per hour, 4.7 hours of service at $164.86, and 6.9 hours of service at $165.94, all for a

---

[1] The cost of living adjustment was based on the Consumer Price Index ("CPI") of All Urban Consumers in the United States according to the Bureau of Labor Statistics. The $161.85 per hour rate was calculated after comparing the CPI for the year 2006 (201.6) to the CPI for March 1996 (155.7). The $164.86 per hour rate was calculated after comparing the CPI for March 2007 (205.352) to the CPI for March 1996. The $165.94 per hour rate was calculated after comparing the CPI for April 2007 (206.686) to the CPI for March 1996. The two different hourly rates for 2007 can be explained by the fact that plaintiff's counsel, Andrew Koenig, attempted to use the most recent statistics available at the time the Motion and Reply were drafted. The $164.86 per hour rate was assessed when counsel drafted the Motion, and the $165.94 per hour rate was calculated when counsel drafted the Reply.

[2] Defendant's calculations were based on plaintiff's claimed hourly rate for 2006 (i.e., $161.85 per hour). Defendant did not consider plaintiff's claimed hourly rates for 2007 (i.e., $164.86 per hour and $165.94 per hour). Because plaintiff's counsel provided services in 2007, the Court will apply plaintiff's claimed hourly rates for 2007 when applicable.

1 total of $7,163.77.  (Declaration of Andrew Koenig ("Koenig Decl.") at 2-5,
2 Supplemental Declaration of Andrew Koenig ("Koenig Sup. Decl.") at 3-4).  The
3 Koenig Decl. attached to plaintiff's Motion shows that plaintiff's counsel worked
4 inter alia on the following tasks: on April 14, 2006, 0.2 hour receiving conformed
5 copies of all court documents and serving all parties; on April 18, 2006, 0.3 hour
6 filing proof of service with the court; on August 8, 2006, 0.1 hour filing review of
7 case management order for briefing deadlines and voluntary remand; from August
8 21, 2006 through August 31, 2006, a total of 5.3 hours reviewing the
9 administrative record and preparing the voluntary settlement letter; from October
10 12, 2006 through October 24, 2006, a total of 15.2 hours reviewing the case
11 management order and preparing plaintiff's Joint Stipulation; from November 30,
12 2006 through December 2, 2006, a total of 7.3 hours reviewing defendant's
13 contentions in the Joint Stipulation and preparing plaintiff's reply arguments; on
14 April 18, 2007, 1.2 hour preparing the EAJA fees settlement proposal; and on May
15 1, 2007, 1.2 hour preparing and filing plaintiff's Motion.  (Koenig Decl. at 2-3).
16 Additionally, the Koenig Sup. Decl., which is attached to plaintiff's Reply, reveals
17 that, from May 25, 2007 through May 30, 2007, plaintiff's counsel spent a total of
18 6.9 hours reviewing defendant's Opposition and preparing plaintiff's Reply.
19 (Koenig Sup. Decl. at 3).

20       Defendant argues that plaintiff's claim for EAJA fees based on 44 hours is
21 not reasonable.  Specifically, defendant contends that plaintiff inappropriately asks
22 for fees for 0.6 hour spent on non-attorney tasks, such as receiving documents,
23 filing proofs of service, and calendering case management order deadlines.
24 (Opposition at 8).  The Court notes that case law expressly provides that an
25 attorney cannot recover fees for non-attorney tasks.  See Vela v. City of Houston,
26 276 F.3d 659, 681 (5th Cir. 2001);  Spegon v. Catholic Bishop of Chicago, 175
27 F.3d 544, 553 (7th Cir. 1999) (tasks that are easily delegable to non-professional
28 assistance – such as updating case lists and calendar, holding office conferences

7

1  with a paralegal regarding the paralegal's communication with the court's clerk,
2  and document preparation and copying – are not compensable); <u>Sorenson v.</u>
3  <u>Concannon</u>, 161 F. Supp. 2d 1164, 1168 (D. Or. 2001) (reducing hours charged for
4  purely clerical tasks).  Although plaintiff's counsel asserts that none of his claimed
5  hours was for clerical tasks, his declaration outlining the activities of April 14,
6  2006, April 18, 2006, and August 8, 2006 fails to support his contention.  Rather, it
7  appears that on these days, counsel performed purely clerical tasks (<u>i.e.</u>, on April
8  14, 2006, "received conformed copies of all ct docs; served all parties"; on April
9  18, 2006, "filed proof of service with ct; tct ct clerk"; and on August 8, 2006,
10 "file[d] review or [sic] case management order for briefing deadlines and vol.
11 remand").  (Koenig Decl. at 2).  Accordingly, 0.6 hour will be subtracted from the
12 total award.
13     Next, defendant argues that plaintiff's counsel unreasonably spent 15.2
14 hours preparing plaintiff's initial arguments in the Joint Stipulation given that
15 counsel previously spent 5.3 hours preparing the voluntary settlement letter.[3]
16 (Opposition at 8).  Defendant further adds that this case involved routine disability
17 issues and, therefore, did not justify the 15.2 hours.  (Opposition at 8).  He also
18 contends that the 7.3 hours spent on drafting plaintiff's reply arguments in the Joint
19 Stipulation was excessive given their brevity and the absence of new case citations
20 contained therein.[4]  (Opposition at 8).  Defendant asks that the Court deduct 4
21 hours from the total amount of time counsel spent preparing the initial and reply
22 arguments contained in the Joint Stipulation.  (Opposition at 8).  The Court agrees
23 with defendant's contentions.
24     As noted above, the arguments that plaintiff raised in the Joint Stipulation

---

[3]  Defendant mistakenly states that plaintiff's counsel spent 14.2 hours preparing the initial arguments in the Joint Stipulation.

[4]  Defendant mistakenly notes that plaintiff's counsel spent 6.3 hours preparing the reply arguments in the Joint Stipulation.

1  concerned errors made by the ALJ in evaluating plaintiff's exertional limitations, in
2  evaluating the medical evidence in rendering the RFC finding, in evaluating the
3  testimony of plaintiff and plaintiff's daughter, and in presenting hypotheticals to the
4  vocational expert. These are common issues raised in social security cases.
5  Moreover, the voluntary settlement letter and the Joint Stipulation would contain
6  the same arguments (albeit more detailed in the Joint Stipulation) and, thus, the
7  initial arguments presented in the Joint Stipulation should not have taken 15.2 hours
8  to prepare. The Court reduces this time by 20 percent to 12.2 hours.

9       With regard to the 7.3 hours billed for plaintiff's reply arguments, this
10 number is excessive given their brevity (approximately 5 pages) and simplicity.
11 The Court also reduces this time by 20 percent to 5.8 hours. Accordingly, the Court
12 finds that the drafting of the entire Joint Stipulation (initial and reply arguments)
13 should reasonably have taken a total of 18 hours.

14      Defendant also contends that the expenditure of 2.4 hours on preparing the
15 EAJA fees settlement proposal, and preparing and filing plaintiff's Motion was
16 excessive because "[e]xcept for the discussion involving the underlying facts of this
17 case, the [M]otion contains a boilerplate recitation of the case law pertaining to
18 substantial justification and reasonableness of fees, a billing sheet, and a stock
19 declaration of counsel." (Opposition at 8-9). Defendant further notes that the
20 billing sheet and declaration were already prepared before the Motion was drafted.
21 (Opposition at 9). He proposes a 1 hour reduction. (Opposition at 9). The Court
22 agrees that 2.4 hours was excessive.

23      The Motion (seven pages long with a five-page declaration attached thereto)
24 consists primarily of boilerplate discussions of the governing legal standards
25 concerning EAJA fees. In addition, much of the information contained in the
26 declaration (i.e., billing statement) was prepared while drafting the settlement
27 proposal. (Koenig Decl. at 1-5, Reply at 6-7). Thus, the Court reduces this time by
28 0.4 hour to 2 hours.

9

1       With regard to the 6.9 hours spent on plaintiff's Reply, the Court notes that
2 the brief was not particularly helpful in resolving the issues raised in the Motion.
3 However, the Court understands that plaintiff's counsel had to expend considerable
4 time researching and addressing a complicated legal issue – whether plaintiff or
5 plaintiff's counsel should received the EAJA fees – raised by defendant, in his
6 Opposition.[5] (Opposition at 8-15, Reply 7-9). Nevertheless, the Court finds that
7 the expenditure of 6.9 hours was excessive and reduces this time by 1 hour to 5.9
8 hours.

9       Therefore, the number of hours claimed for attorney services rendered in the
10 action before this Court shall be reduced from 44 hours to 37.5 hours. The Court
11 finds this number reasonable. See, e.g., Chandler v. Secretary of Dept. of Health &
12 Human Servs., 792 F.2d 70, 73 (6th Cir. 1986) (forty-one hours for social security
13 case found to be excessive); Vanover v. Chater, 946 F. Supp. 744, 746 (E.D. Mo.
14 1996) (forty-two hours for social security case was excessive and reduced to
15 twenty-eight); Lanter v. Heckler, 656 F. Supp. 19, 21 (S.D. Ohio 1986) (twenty to
16 thirty hours is a reasonable expenditure of time for Social Security cases); cf.
17 Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214-15 (C.D. Cal. 2000) (finding 37.25
18 hours to be a reasonable fee award in a Social Security case which involved matters
19 which were "not routine").

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26

---

27,28     [5] This issue was eventually settled by stipulation that defendant would withdraw the argument from his Opposition.

Multiplying the recoverable hours by the appropriate hourly rate results in the following formula:

27.3 hours in 2006 x $161.85 hourly rate =   $4,418.51

4.3 hours in 2007 x $164.86 hourly rate[6]  =   $708.90

5.9 hours in 2007 x $165.94 hourly rate[7]  =   $979.05

                                     **Total**        $6,106.46

### III. CONCLUSION

Based upon the foregoing considerations, Mr. Koenig shall be awarded $6,106.46 in EAJA fees.

IT IS SO ORDERED.

Date: <u>January 9, 2008</u>

_____/s/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[6] As noted above, the $164.86 hourly rate is applicable to services rendered from January 2007 through May 1, 2007.

[7] As noted above, the $165.94 hourly rate is applicable to services rendered from May 25, 2007 through May 30, 2007.